# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 6-cv-2528 (JFB)(WDW)

MELVIN ESTES-EL,

Plaintiff,

VERSUS

MARK DUMOULIN,

Defendant.

**MEMORANDUM AND ORDER**
April 18, 2012

JOSEPH F. BIANCO, District Judge:

On May 23, 2006, plaintiff Melvin Estes-El ("plaintiff" or "Estes-El") brought this action alleging violations of his rights pursuant to 42 U.S.C. §§ 1981 and 1983 against defendant Mark Dumoulin ("defendant" or "Dumoulin"). The allegations stem from a series of events in 2006 in which plaintiff was charged with Harassment in the Second Degree in violation of New York Penal Law § 240.26 after defendant reported to the Suffolk County Police that plaintiff had threatened him. The state court found good cause for the issuance of a temporary order of protection ("TOP") ordering plaintiff to (1) stay away from defendant and defendant's wife and children and their homes and businesses; (2) refrain from communication or contact with defendant and defendant's wife and children; (3) surrender all weapons; and (4) have no third party contact with defendant and defendant's wife and children. The state court held a bench trial on the harassment charges in June 2006, and plaintiff was acquitted. Before the bench trial, plaintiff filed the instant lawsuit, asserting that defendant, acting under color of state law, deprived plaintiff of (1) the right to sue and be a party to civil litigation; (2) the "security of property rights;" (3) the right of First Amendment freedom of speech; (4) the Second Amendment right to bear arms; (5) the right to hold real property; and (6) the right to be a party to civil litigation and to "present and redress grievances to the duly organized court system of the state of New York guaranteed by the First Amendment." (Compl.[1] ¶¶ 17-22.) As a seventh claim, plaintiff demanded attorneys' fees and damages of one million

---

[1] "Compl." refers to the complaint filed in this action on May 23, 2006.

dollars. (*Id.* ¶ 23.) Plaintiff was represented by counsel until June 23, 2008, and has proceeded *pro se* since that date.

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge William D. Wall, as well as plaintiff's objections to the R&R. The R&R recommends that the Court grant defendant's motion for summary judgment and dismiss the complaint. To the extent that the plaintiff alleges any state law claims, the R&R recommends that the Court should decline, in its discretion, to exercise supplemental jurisdiction over those claims. The R&R further recommends that the Court deny plaintiff's motions for summary judgment, declaratory judgment, and injunctive relief. Finally, the R&R recommends that the Court deny defendant's application for attorneys' fees.

For the reasons that follow, the Court adopts Judge Wall's thorough and well-reasoned R&R in its entirety.

I. PROCEDURAL HISTORY

Plaintiff filed his complaint on May 23, 2006. Plaintiff moved for summary judgment, injunctive relief, and declaratory judgment on July 9, 2008. That motion was denied by the Honorable Thomas C. Platt on July 14, 2008, without prejudice to renewal. Plaintiff again moved for summary judgment and declaratory judgment on December 4, 2008. On September 30, 2009, Judge Platt denied both motions with leave to amend. On October 13, 2009, plaintiff filed an amended motion for declaratory judgment, summary judgment, and injunctive relief.

On March 25, 2010, Judge Platt recused himself and the case was reassigned to the undersigned. On April 1, 2010, defendant requested a revised briefing schedule, and this Court set forth a revised schedule. Accordingly, defendant filed a motion for summary judgment on May 18, 2010. Plaintiff filed a motion for declaratory judgment and summary judgment on June 21, 2010. Defendant filed his opposition to both motions on July 13, 2010, and plaintiff replied on July 23, 2010. By Order dated October 5, 2010, the Court permitted plaintiff to make supplemental submissions in accordance with Local Rule 56.2, and referred the motions to Magistrate Judge Wall. Plaintiff filed supplemental submissions on October 28, 2010.

Magistrate Judge Wall issued the instant R&R on February 9, 2011, and noted that any objections to the R&R were due within 14 days. On March 3, 2011, plaintiff moved for an extension of time to file objections to the R&R. This Court granted that motion and administratively closed the case for 90 days while plaintiff sought to retain counsel. On July 6, 2011, defendant moved to reopen the case, and this Court ordered that plaintiff file objections to the R&R by August 10, 2011. Plaintiff filed his objections on August 1, 2011. The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985))*; Santana v. United States*, 476

F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b)(3); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-65 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

III. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the complaint, the parties' respective submissions in connection with the various motions, as well as the R&R, applicable law, and plaintiff's objections. Having reviewed *de novo* all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety.[2]

A. Claims Pursuant to Sections 1981 and 1982

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1988) ("Essential to an action under 1981 are allegations that the defendants' actions were purposefully discriminatory, and racially motivated." (citations omitted)). These same requirements apply to Section 1982 claims. *See Barkley v. Olympia Mortgage Co.*, 04-cv-875, 05-cv-187, 05-cv-4386, 05-cv-5302, 05-cv-5362, 05-cv-5679 (KAM) (RLM), 2010 U.S. Dist. LEXIS 95060, at *45-46 (E.D.N.Y. Sept. 13, 2010).

The following claims appear to be based on alleged deprivations of rights protected by Sections 1981 and 1982: (1) the right to sue and be a party to civil litigation; (2) the "security of property rights;" (3) the right to hold real property; and (4) the right to be a party to civil litigation and to "present and redress grievances to the duly organized court system of the state of New York guaranteed by the First Amendment." The Court agrees with Magistrate Judge Wall that plaintiff failed to proffer sufficient admissible evidence to raise a genuine issue of material fact demonstrating Dumoulin's intent to discriminate against plaintiff. (R&R at 7.) Furthermore, the Court agrees that the record does not support a finding that plaintiff suffered a deprivation of any of the rights protected by Sections 1981 and 1982. (*Id.* at 9.) For example, plaintiff suggests that the TOP stayed the prosecution of his state action, but there is no evidence that the proceedings were delayed by the TOP. (*Id.*) Similarly, plaintiff's complaints concerning nuisances caused by defendant or the police do not demonstrate that plaintiff was denied the right to hold real or personal property. (*Id.*)

Plaintiff objects that he was "not given the opportunity to challenge" the harassment charge "or to go to a hearing to determine" whether there was reason to charge him. (Objection ("Obj.") at 3.[3]) Plaintiff also objects that, by finding the TOP to be legally sufficient without giving the plaintiff

---

[2] Even if the Court reviewed the entire R&R under a *de novo* standard, the Court would reach the same conclusion for the reasons set forth in the thorough R&R.

[3] Plaintiff has not numbered the pages in his Objections. Page numbers refer to the numbers assigned by the ECF docketing system.

3

a hearing, the state court violated plaintiff's "common law rights, state rights, constitutional rights, equal rights, and all other rights given to citizens of the United States of America." (*Id.*) These objections appear to restate plaintiff's first and sixth claims.[4] For the same reasons discussed *supra*, these claims fail.

Accordingly, the Court dismisses all claims brought pursuant to Sections 1981 and 1982.

### B. Claims Pursuant to Section 1983

In order to prevail on a federal civil rights action under 1983, a plaintiff must demonstrate: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). However, even if a plaintiff has adequately alleged a constitutional injury, a 1983 claim cannot be successful unless it can be demonstrated that such injury was caused by a party acting under the "color of state law," and thus the central question is whether the alleged infringement of federal rights is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."); *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

As a baseline matter, private citizens and entities are not generally subject to 1983 liability. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002); *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624 (RJD), 2009 U.S. Dist. LEXIS 523, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009) ("Purely private conduct is not actionable under § 1983, 'no matter how discriminatory or wrongful.'" (quoting *Am. Mfrs. Mut. Ins. Co v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999))). However, a private actor may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). This potential liability also applies to a private party who "conspires with a state official to violate the plaintiff's constitutional rights . . . ." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (report and recommendation), *adopted in relevant part by Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005).

The provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of § 1983. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under § 1983. . . . Officer Fitzgerald's active role in attempting

---

[4] Specifically, these claims include plaintiff's claims that defendant deprived plaintiff of (1) the right to sue and be a party to civil litigation, and (2) the right to be a party to civil litigation and to "present and redress grievances" to the court system as guaranteed by the First Amendment.

4

to resolve the dispute after Healey requested police assistance in preventing further disturbance also does not, without more, establish that Healey acted under color of law." (citations omitted)); *see also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under [§] 1983 . . . ."); *Butler v. Goldblatt Bros.*, 589 F.2d 323, 327 (7th Cir. 1978) (declining to hold "that the mere act of furnishing information to law enforcement officers constitutes 'joint (activity) with state officials'"); *cf. Dahlberg v. Becker*, 748 F.2d 85, 89-90, 93 (2d Cir. 1984) (holding that defendants' invocation of New York courts to issue a contempt order "does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor"). Similarly, if a police officer's actions are due to the officer's own initiative, rather than the directive of a private party, the private party will not be deemed a state actor. *See Shapiro v. City of Glen Cove*, 236 F. App'x 645, 647 (2d Cir. 2007) ("No evidence supports [plaintiff's] contention that [defendant] Weiss-Horvath acted jointly with the Glen Cove defendants to deprive her of her constitutional rights, and ample evidence shows that the Glen Cove officials who searched her house exercised independent judgment rather than acting at Weiss-Horvath's direction."); *Butler*, 589 F.2d at 327 (granting summary judgment to private defendant on § 1983 claim because defendant "did [nothing] more than supply information to police officers who then acted on their own initiative in arresting [plaintiff]"); *Serbalik v. Gray*, 27 F. Supp. 2d 127, 131-32 (N.D.N.Y. 1998) ("'[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.'" (citing *Auster Oil & Gas Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985))). Furthermore, one's motivation is irrelevant to the determination of whether one is a state actor. *Kash v. Honey*, 38 F. App'x 73, 75-76 (2d Cir. 2002) (concluding that there was no state action by a private lawyer who plaintiff alleged "maliciously, for purpose or purposes personal to him, including the purpose of penalizing [plaintiff] for exercising his First Amendment rights . . . falsely charged [plaintiff] in an accusatory instrument"); *Shapiro v. City of Glen Cove*, No. CV 03-0280 (WDW), 2005 U.S. Dist. LEXIS 43276, at *22 (E.D.N.Y. May 5, 2005) ("In any event, whatever motivation [the private resident] may have had in calling in the complaint and alerting the media is irrelevant to the question of whether she was a state actor."). When the private actor takes a more active role, however, and jointly engages in action with state actors, he will be found to be a state actor. *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942 (1982) (finding that, when a supplier sought prejudgment attachment of a debtor's property, that supplier was a state actor because it "invok[ed] the aid of state officials to take advantage of state-created attachment procedures"); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (holding that defendants who conspired with and participated in bribery with federal judge acted under color of state law); *Adickes*, 398 U.S. at 152 (finding plaintiff entitled to relief under § 1983 against private party if she can prove that private party and police officer "reached an understanding" to cause her arrest on impermissible grounds).

Alternatively, to demonstrate that a private party defendant was a state actor engaged in a conspiracy with other state actors under § 1983, a plaintiff must allege (1) an agreement between the private party and state actors, (2) concerted acts to inflict

an unconstitutional injury, and (3) an overt act in furtherance of the goal. *See Carmody v. City of N.Y.*, No. 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 25308, at *16 (S.D.N.Y. May 11, 2006) (citing *Ciambriello*, 292 F.3d at 324-25). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Robbins v. Cloutier*, 121 F. App'x 423, 425 (2d Cir. 2005) (dismissing a § 1983 conspiracy claim as insufficient where plaintiff merely alleged that defendants "acted in a concerted effort" to agree not to hire plaintiff and to inform others not to hire plaintiff). "A plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action." *Fisk*, 401 F. Supp. 2d at 376 (report and recommendation), *adopted in relevant part by Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005)) (citations and quotations omitted).

In the instant action, every claim includes the assertion that defendant acted "under color of state law to wit the Harassment statute." (Compl. ¶¶ 17-23.) The R&R recommends that every claim brought pursuant to Section 1983 be dismissed because the defendant was not a state actor. This Court agrees. Defendant's use of the Penal Law harassment statute does not rise to the level of state action because the mere fact that a party has "utilized state statutes to pursue a state court remedy against the plaintiff does not constitute 'state action' by private parties." *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 277 (E.D.N.Y. 2011) (quotations and citations omitted); *see* R&R at 11. Furthermore, to the extent that plaintiff alleges that defendant acted under color of law by engaging in a conspiracy with state actors, the Court agrees that "[t]he record contains not a shred of evidence that there was a conspiracy nor that any other circumstance existed that would render Dumoulin a state actor." (R&R at 12.) Accordingly, because Dumoulin was not a state actor and did not act under color of state law, all claims pursuant to Section 1983 are dismissed.

C. First Amendment Claims

Plaintiff asserts that the TOP prevented him from communicating with the defendant either directly or through third parties, thereby depriving him of his First Amendment right to freedom of speech. The R&R recommends dismissing this claim on the grounds that the incidental infringement of a First Amendment right does not preclude enforcement of Penal Law § 240.26 because Penal Law § 240.26 serves a function independent of the exercise of any First Amendment right. *See* R&R at 13. Magistrate Judge Wall explained that "to the extent that Penal Law § 240.26 or the TOP curtailed Estes-El's speech, such speech is not absolutely protected by the First Amendment and I recommend a finding that the limitation of Estes-El's speech under these circumstances was reasonable and not a constitutional deprivation of free speech rights." (R&R at 14.) The Court agrees. Furthermore, the Court agrees that nothing in the record supports plaintiff's claim that he was deprived of access to the courts. (R&R at 14-15.) Accordingly, the Court dismisses any claims premised on the First Amendment.

D. Second Amendment Claims

Plaintiff claims that his Second Amendment rights were violated because the TOP required him to surrender all weapons. (R&R at 15.) The Court agrees

6

with Magistrate Judge Wall, that "even if there were some basis for holding Dumoulin personally responsible for the issuance of the TOP or for the existence of the state laws on which its issuance was based, which there is not, the Second Amendment does not prohibit the state's right to enforce a weapons restriction and there is no suggestion that the underlying statutes are unconstitutional." (R&R at 16.) Accordingly, the Court dismisses any claim premised on the Second Amendment.

### E. Claims Pursuant to Section 1985

Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities under the laws. In order to establish a claim under § 1985(3), plaintiff must establish four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). The conspiracy must be motivated "by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

The Court agrees that there is "no basis for finding that a conspiracy of any kind existed or who the alleged co-conspirators might have been." (R&R at 17.) Accordingly, the Court dismisses any claims pursuant to Section 1985.

### F. Other Claims

The R&R explains that the defendant urges the Court to dismiss a malicious prosecution claim if it construes the complaint to contain one. (R&R at 18.) Nothing in the complaint, which was drafted by counsel, mentions such a claim, although plaintiff argues malicious prosecution in later filings. (*Id.*) Nonetheless, the Court agrees with the R&R that any claim for malicious prosecution must fail because Dumoulin was not a state actor. (*Id.*)

Furthermore, to the extent that plaintiff asserts a state law malicious prosecution claim, or any other state law claims, the Court adopts the R&R's recommendation that it should decline to exercise jurisdiction over any state law claims. (*Id.*) Having determined that plaintiff's federal claims against the defendant do not survive the defendant's motion for judgment on the pleadings, the Court concludes that retaining jurisdiction over any state law claim is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 U.S. Dist. LEXIS 41834, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d

Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 U.S. Dist. LEXIS 12842, 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over plaintiff's remaining state law claims, if any, given the absence of any federal claim that survives the motion to dismiss and dismisses any such claims without prejudice.

IV. OTHER OBJECTIONS

Plaintiff challenges certain factual issues. For example, he disputes that he (plaintiff) ever called the police about the defendant. (Obj. at 5.) Whether plaintiff called the police about the defendant has no bearing on the legal grounds for dismissing each claim in the complaint. With respect to the claims pursuant to Section 1983, for example, whether plaintiff called the police about the defendant does not alter the fact that defendant was not a state actor. With respect to the Section 1981 and 1982 claims, whether plaintiff called the police about the defendant does not present evidence concerning whether defendant had an intent to discriminate on the basis of race or otherwise discriminated against plaintiff. Additionally, plaintiff argues that the defendant's assertions are "not supported by any facts." (Obj. at 5.) The R&R specifically notes, however, that "even accepting for the purposes of this motion that all or some of Dumoulin's statements to the police were false, Estes-El's claims must fail as a matter of law because he has presented no issues of material fact supported by the required evidence." (R&R at 4.) This Court agrees. For the same reason, plaintiff's objection that he is "entitled to damage awards" because he is the "damaged and injured party in this action," fails. (Obj. at 4.) Plaintiff's claims fail, as a matter of law, and he has failed to present genuine issues of material fact in support of his claims.

Plaintiff also objects on the grounds that the Court has determined that "Sections 1-207 and 1-103 of the Uniform Commercial Code . . . are not valid laws before this Court. If necessary I will do an appeal on Judge Wall's Report and Recommendation which violates the Uniform Commercial Code."[5] (Obj. at 4.) The Uniform

---

[5] The Court notes that there is no Section 1-207 of the U.C.C. Section 1-103 provides:

> (a) [the U.C.C.] must be liberally construed and applied to promote its underlying purposes and policies, which are: (1) to simplify, clarify, and modernize the law governing commercial transactions; (2) to permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and (3) to make uniform the law among the various jurisdictions.
>
> (b) Unless displaced by the particular provisions of [the U.C.C.], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating or

8

Commercial Code ("U.C.C.") applies to "transactions in goods." U.C.C. § 2-102. Plaintiff has not alleged the occurrence of any "transactions in goods" with defendant, much less how any transactions may have violated the U.C.C. Accordingly, the Court finds plaintiff's objections concerning the applicability of the U.C.C. to be wholly devoid of merit.

V. ATTORNEYS' FEES

Magistrate Judge Wall recommends denying defendant's request, pursuant to 42 U.S.C. § 1988, for attorneys' fees. (R&R at 19.) Although this Court agrees that the "claims herein come perilously close" to being frivolous, unreasonable or groundless, *see* R&R at 19, this Court also agrees that it must assume that plaintiff followed the advice of counsel in filing the complaint in this action. Moreover, defendant did not move to dismiss or for Rule 11 sanctions based on the complaint. Awarding plaintiff significant latitude because of his *pro se* status, *see* R&R at 20, this Court adopts Magistrate Judge Wall's recommendation and denies, in its discretion, defendant's request for attorneys' fees.

VI. PLAINTIFF'S MOTIONS

In light of the fact that defendant has "established his entitlement to a grant of summary judgment dismissing all of the plaintiff's claims," *see* R&R at 20, this Court adopts the R&R's recommendation to deny plaintiff's motions for summary judgment and declaratory judgment. Because plaintiff has not specified what kind of injunctive relief he desires, or why he is entitled to it, this Court also adopts the R&R's recommendation to deny plaintiff's motion for an injunction.

VII. CONCLUSION

Having conducted a *de novo* review of all portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in its entirety. Accordingly, IT IS HEREBY ORDERED that the R&R is adopted in its entirety. Specifically, the Court grants defendant's motion for summary judgment and dismisses the complaint. To the extent that the plaintiff alleges any state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over those claims. Further, the Court denies plaintiff's motions for summary judgment, declaratory judgment, and injunctive relief, and denies defendant's application for attorneys' fees. The Clerk of the Court shall close the case and enter judgment accordingly.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 18, 2012
      Central Islip, NY

\* \* \*

The plaintiff was originally represented by counsel, but has proceeded *pro se* since June 23, 2008: 32 Deer Path Road Central Islip, NY 11722. Defendant is represented by David H. Besso, Long, Tuminello, Besso, Seligman & Werner, 120 Fourth Avenue, Bay Shore, NY 11706.

---

invalidating cause supplement its provisions.

U.C.C. § 1-103.